IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ELIZABETH COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17-cv-1313-LMB-MSN |
| | ) | |
| GREENLY GROUP FOR SOLAR TECHNOLOGIES, LTD., | ) ) ) | |
| Defendant. | ) | |

ORDER

Before the Court is a Report and Recommendation ("Report") issued by a magistrate judge on March 23, 2018 [Dkt. No. 20], which recommended that a default declaratory judgment be entered against the defendant Greenly Group for Solar Technologies, Ltd. ("defendant" or "Greenly"). Report at 10-11. The parties were advised that any objections to the Report had to be filed within 14 days and that failure to file a timely objection waived the right to appeal the substance of the Report and any judgment based upon the Report. Id. at 11-12. As of April 18, 2018, no party has filed an objection. The Court has reviewed the Report, plaintiff's motion for default judgment, and the case file and adopts the Report in full.

The magistrate judge properly determined that the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(2) because the parties are diverse and the amount in controversy exceeds $75,000.[1] Id. at 4-5. This Court has personal jurisdiction over the defendant under 28 U.S.C. § 293 because the defendant, a British Virgin Islands entity to which the patent

---

[1] On February 16, 2018, the magistrate judge ordered plaintiff to supplement the record to demonstrate that the patent rights in question are valued at more than $75,000 [Dkt. No. 16]. Report at 4. Plaintiff submitted the declaration of Chris Toffales ("Toffales") "an operating executive in engineering- and technology-intensive businesses" and a mergers and acquisitions professional, who assessed the value of the technology and intellectual property in United States Patent No. 8,449,940, titled "Deposition of High-Purity Silicon via High-Surface Area Gas-Solid or Gas-Liquid Interfaces and Recovery via Liquid Phase," as at least in excess of $75,000. [Dkt. No. 19-1] 4-8.

rights at issue were assigned, does not reside in the United States and failed to designate an individual in the United States to receive service on its behalf. Id. at 5; see also 28 U.S.C. §293 ("The court shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court."). Venue is also proper under 28 U.S.C. § 293. Report at 5. Service was made upon the person who was involved in the patent assignment to the defendant and by publication. Id. at 2-4. Because the defendant did not file a response within the 21 days of service by publication, the Clerk of Court properly entered a default on January 26, 2018 [Dkt. No. 10]. Id. at 3.

The magistrate judge correctly determined that plaintiff Elizabeth Cooper ("plaintiff" or "Cooper") has pleaded the requirements for obtaining declaratory relief by alleging that non-party Kagan Ceran ("Ceran")[2] fraudulently transferred his patent rights to the defendant in violation of California's Uniform Voidable Transactions Act, California Civil Code §§3439.04-05. Id. at 6-9. Specifically, the magistrate judge found that after plaintiff filed an arbitration demand to resolve a dispute with Ceran in California, Ceran transferred his patent rights (which were his primary assets) to the defendant 30 days before the arbitrator issued plaintiff an award of $1,216,404.30, failed to notify plaintiff of the assignment during the arbitration, and subsequently fled from the United States to Turkey, all in an effort to avoid plaintiff's ability to collect her judgment. Id. at 6-8. The magistrate judge further correctly found that plaintiff pleaded the requirements of a §3439.04(a)(2) violation because there is no indication that the defendant paid Ceran consideration for the patent rights and Ceran should have reasonably believed that he would owe plaintiff money in connection with the pending arbitration. Id. at 8-9.

---

[2] Plaintiff brought two arbitration proceedings against Ceran for breach of a business agreement in 2010, and subsequently obtained two arbitral awards against him. Report at 1 n. 1. Before the first award was issued to plaintiff, Ceran transferred ownership of several patent rights to the defendant. Id. at 8. Following plaintiff's arbitral awards, plaintiff obtained judgments against him. Id. at 2 n. 2.

2

As a result of these findings, the magistrate judge concluded that the defendant holds the patent rights for plaintiff in a constructive trust because the defendant fraudulently gained possession of the patent rights, which constitutes the trust res, and plaintiff established a right to the trust res. Id. at 9-10.[3]

For the reasons in the Report which have been fully adopted by this Court, plaintiff's Motion for Default Judgment [Dkt. 11] is GRANTED, and it is hereby

ORDERED that plaintiff's updated proposed judgment will be entered against the defendant.

The Clerk is directed to enter judgment in plaintiff's favor pursuant to Fed. R. Civ. P. 55, forward copies of this Order and the judgment to counsel of record and the defendant, and close this civil action.

Entered this 18 day of April, 2018.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge

---

[3] The magistrate judge properly found that plaintiff is not entitled to attorneys' fees, costs, and post- and pre-judgment interest because plaintiff's pleadings fail to provide amounts for any of these costs and does not seek monetary judgment. Report at 10. Plaintiff has not objected to this conclusion.